# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30351

J M TULL METALS COMPANY INC

Plaintiff-Appellee

v.

ROBERT T. CLINE

Defendant-Appellant

_____

ROBERT T. CLINE

Plaintiff-Appellant

v.

J M TULL METALS CO INC; RYERSON TULL INC.

Defendants-Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 6:05-CV-329 and
6:05-CV-440

_____

Before JONES, Chief Judge, JOLLY, Circuit Judge, and CARDONE, District
Judge.[*]

---

[*] United States District Judge, Western District of Texas, sitting by designation.

PER CURIAM:**

The court, having heard arguments of counsel and considered the briefs and pertinent portions of the record, vacates the district court judgment and remands for further factual development as to whether Body Masters owed a debt to Ryerson Tull or J M Tull Metals, Inc. at the date of bankruptcy.

The summary judgment evidence does not eliminate any genuine issue of material fact concerning the identity of the entity to which Body Masters owed money at the date of bankruptcy. The invoices bear both companies' names, and the conclusory affidavit of a lower level corporate agent fails to establish that the sales to and receipts from Body Masters were for the sole account of J M Tull Metals, Inc.

Contrary to appellee's argument, the ambiguous stipulation entered in the bankruptcy court effected no issue preclusion against Robert T. Cline ("Cline") because the issue of the corporate identity of the creditor, whether Ryerson Tull, Inc. or J M Tull Metals, Inc., was not actually litigated and decided in that claim determination proceeding.

We also see no merit, from the vantage point of summary judgment appellate review, in Cline's arguments that his 1984 letter guaranty to J M Tull Metals, Inc. is unenforceable.

Based on the foregoing conclusions, we also vacate the court's 60(b) ruling on evidence offered untimely by Cline, because the court should reconsider its admissibility in connection with further proceedings.

Accordingly, the judgment of the district court is VACATED and REMANDED.

---

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.